SIMEON K. YEATON *et ux. vs.* LEONARD B. CHAPMAN.

Cumberland, 1875.—June 6, 1876.

*Trial. Evidence. Words.*

Cumulative evidence offered by the plaintiff, after the defendant has closed his evidence, may be excluded if the court, (not the party,) has seasonably notified counsel that such a course will be pursued. No particular form of notice is necessary. Any remark will be sufficient, which conveys to counsel the information that such a rule will be enforced.

Where the plaintiff, in support of his action, called a witness, who testified to statements made by the defendant, in a conversation, and rested his case, and the defendant testified, giving a contradictory version of it, further evidence on the part of the plaintiff to the same conversation, was *held* to be cumulative, and not rebutting.

ON MOTION AND EXCEPTIONS from the superior court.

SLANDER for calling the plaintiff's wife, a whore.

The plaintiffs introduced a witness, Leach, who testified to a conversation between Chapman, the defendant, and one Winslow, and that in the summer of 1873, he heard Chapman say something about searching the Brewer House, (occupied by plaintiffs,) for liquors, and that he said he found nothing but whores. The plaintiffs proposed to rest their case. The defendant's counsel gave notice that they should ask that. the plaintiffs be confined to strictly rebutting evidence.

The presiding justice said, "I suppose the counsel understand the rule." The counsel for the plaintiffs thereupon introduced other evidence, but nothing as to the conversation testified to by Leach. The defendant then testified to his conversation with Winslow, contradicting Leach. The plaintiff thereupon called Winslow, for two purposes : to sustain Leach, and to contradict Chapman. The court excluded the evidence. The plaintiffs, the verdict being for the defendant, excepted.

*B. & A. W. Bradbury,* for the plaintiffs, contended that Winslow's testimony should have been admitted, because he was not notified by the court that the rule would be enforced, and further, that though the evidence was cumulative as to Leach, it was rebutting as well, for it would impeach Chapman.

*T. B. Reed*, for the defendant.

WALTON, J.   Two questions are presented for consideration.

I. Is the verdict so clearly against the weight of evidence as to require us to set it aside.   We think it is not.

II. Was the testimony of John T. Winslow properly excluded. We think it was.   The plaintiffs, in support of their action, relied upon an alleged statement of the defendant.   They called a witness, who gave his recollection of the conversation.   They had another witness present, who heard the conversation, but they did not then call him.   After they had rested their case, and the defense had been heard, and the defendant had given his recollection of the conversation, (which differed materially from that given by the plaintiffs' witness,) they proposed to call their other witness, (John T. Winslow,) and examine him in relation to it. The defendant objected, upon the ground that the evidence would be cumulative, not rebutting.   The objection was sustained, and the evidence excluded.   We think the exclusion was proper.   The evidence related to a fact on which the plaintiffs relied in support of their action.   It did not relate to new matter brought forward by the defendant.   It related to a fact first introduced into the case by the plaintiffs, and on which they relied in support of their action, and in relation to which they had already examined one witness.   The testimony of another witness to the same fact, would, therefore, be cumulative, not rebutting evidence.   And if the plaintiffs were seasonably notified that when they had once rested their case, and the defense had been heard, they would be confined to rebutting evidence, the evidence was properly excluded.   That such notice was seasonably given, we cannot doubt. When the plaintiffs' counsel first proposed to rest their case, the defendant's counsel stated that he should ask to have them confined strictly to rebutting evidence; and the presiding judge replied that he supposed the counsel understood the rule; and thereupon, the plaintiffs' counsel, instead of resting their case, as they at first proposed, proceeded to call another witness; and afterwards, when the evidence under consideration was objected to as cumulative, and not rebutting, they did not object to want of notice,

but claimed that it was rebutting. We cannot therefore doubt· that the plaintiffs' counsel understood that when they had once rested their case, and the defense had been put in, they would be confined to rebutting evidence.

*Motion and exceptions overruled.*

APPLETON, C. J., BARROWS, DANFORTH, VIRGIN and PETERS, JJ., concurred.